# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. 10cv2496-WQH-CAB |
| Plaintiff, | ORDER |
| vs. | |
| SUMMER LORRAINE SCACE and DAVID RICHARD GREWE, INDIVIDUALLY and d/b/a CANYON CLUB; and RUFF LIFE, LLC, an unknown business entity d/b/a CANYON CLUB, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Strike Defendants' Affirmative Defenses, filed by Plaintiff J & J Sports Productions, Inc. (ECF No. 13).

## BACKGROUND

On December 3, 2010, Plaintiff initiated this action by filing a Complaint in this Court. (ECF No. 1). The Complaint "seeks declaratory and injunctive relief, along with actual, statutory, and punitive damages for Defendants' unauthorized reception, interception, copying and public exhibition of private satellite or cable transmissions of ... [a] pay-per-view boxing program...." *Id.* at 2.

On March 23, 2011, Defendants filed an Answer, which includes 21 affirmative defenses. (ECF No. 4).

On April 13, 2011, Plaintiff filed the Motion to Strike Defendants' Affirmative

Defenses. (ECF No. 13). Plaintiff contends that "Defendants fail[] to satisfy the legal standard necessary to sustain any affirmative defense, therefore, all of Defendants' affirmative defenses must be stricken." (ECF No. 13-1 at 8).

On April 19, 2011, Defendants filed an opposition to the Motion to Strike. (ECF No. 14). Defendants contend that the Answer is "appropriate," and "it is common practice at the early stage of litigation to liberally include affirmative defenses in an answer so as to ensure that a possible defense is not inadvertently waived." *Id.* at 2.

On May 13, 2011, Plaintiff filed a reply in support of the Motion to Strike. (ECF No. 16).

## DISCUSSION

A motion to strike an affirmative defense is allowable under Federal Rule of Civil Procedure 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Plaintiff contends that the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), should govern motions to strike affirmative defenses. *Twombly* announced a new pleading standard for complaints, but did not discuss affirmative defenses. The Court of Appeals for the Ninth Circuit has not yet ruled on the issue of whether the *Twombly* standard applies to affirmative defenses. Some district courts in this Circuit have extended the *Twombly* standard to affirmative defenses and some have not. *Compare Trustmark Ins. Co. v. C&K Mkt., Inc.*, No. CV-10-465, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011) (declining to extend *Twombly* to affirmative defenses), *with Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (applying *Twombly* to affirmative defenses). This Court agrees with the reasoning of those courts which have held that district courts in this Circuit remain bound by the holding of *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). *See Trustmark*, 2011 WL 587574, at *1. Accordingly, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.

After review of the pleadings and the submissions of the parties, the Court finds that,

1 with the exception of the Twentieth Affirmative Defense, each of the affirmative defenses in the Answer provide fair notice of the defense to Plaintiff.[1] Plaintiff's contentions that the remaining defenses fail as a factual or legal matter may be raised if Defendants raise these defense(s) by motion or at trial.

The Twentieth Affirmative Defense provides: "The defendants need investigation and discovery to determine the extent of the defenses and the extent of his affirmative claims, if any, and defendants hereby reserve all defenses to be set forth in amended pleadings, and all claims to be set forth in amended pleadings, pending investigation and discovery." (ECF No. 4 at 7). This defense is improper to the extent Defendants contend that it relieves Defendants of later complying with the standards governing motions for leave to amend pleadings in the Federal Rules of Civil Procedure; otherwise the defense is superfluous and "immaterial." Fed. R. Civ. P. 12(f). Accordingly, the Twentieth Affirmative Defense is stricken.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike Defendants' Affirmative Defenses is granted as to the Twentieth Affirmative Defense and denied as to all other affirmative defenses. (ECF No. 13).

DATED: May 27, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] With respect to the First Affirmative Defense, failure to state a cause of action, Federal Rule of Civil Procedure 12(h)(2) permits the defense of failure to state a claim to be raised in an answer.